Case 7:20-cv-00317   Document 66   Filed on 11/10/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | |
| VS. § § | |
| 3.3921 ACRES OF LAND, more or less, in § STARR COUNTY, TEXAS; LILA SILVA § DE LA GARZA, IDALIA PAULA SILVA § RUIZ, RICHARD A CANTU, ROBERT § CANTU, RODOLFO CANTU, JOHN § SILVA, RICHIE SILVA, ELOY SILVA § JR, ARACELI GARCIA SILVA, § § | CIVIL ACTION NO. 7:20-cv-00317 |
| Defendants. § | |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Stipulation and Motion for Entry of Order Establishing Just Compensation, Granting Possession, Disbursing Funds on Deposit in the Court's Registry, and Closing Case,"[1] and having determined that it warrants entry of this final judgment,[2] the Court **ORDERS**, **ADJUDGES**, and **DECREES** that:

The United States is granted two fee simple absolute interests respectively over the two Tracts RGV-RGC-1003, RGV-RGC-1005, as particularly described in the United States' Schedules C and D, totaling 18.83 acres of land situated in Starr County, Texas.[3] Said two fee simple absolute interests are each limited by the following: they are subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production of removal

---

[1] Dkt. No. 64.
[2] Dkt. No. 65.
[3] Dkt. No. 59.

of said minerals; and reserving to the owners of the land, specifically Lila Silva de la Garza, Idalia Paula Silva Ruiz, Richard A. Cantu, Robert Cantu, Rodolfo Cantu, John Silva, Richie Silva, Eloy Silva Jr., and Araceli Garcia Silva reasonable access to and from their lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the places identified in the United States' Schedule E, and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.[4]

The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.[5]

The total sum of sixty-five thousand, nine hundred five dollars ($65,905.00), together with any interest earned while on deposit in the registry of the Court,[6] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC-1003 and RGV-RGC-1005, and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject

---

[4] Dkt. No. 1-1 at 20-23.
[5] *Id*. at 4.
[6] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).

properties as of December 12, 2019,[7] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $65,905.00 and all interest on deposit in the Court's registry payable as follows:

- $16,476.25 to Lila Silva de la Garza (aka Lilia Silvia De La Garza), with accrued interest from the date of deposit for the 25.0% (1/4th) interest held to the Subject Property.

- $16,476.25 to Idalia Paula Silva Ruiz, with accrued interest from the date of deposit for 25.0% (1/4th) interest held in the Subject Property.

- $5,492.08 to Richard A. Cantu, with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property.

- $5,492.08 to Robert Cantu, with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property.

- $5,492.08 to Rodolfo Cantu (aka Rodolfo Cantu, Jr.), with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property.

- $5,492.08 to John Silva (aka John Anthony Silva), with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property, subject to Araceli Silva's 1/3rd life estate interest in said 1/12th interest.

- $5,492.08 to Eloy Silva, Jr., with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property, subject to Araceli Silva's 1/3rd life estate interest in said 1/12th interest.

- $5,492.08 to Richie Silva (aka Richard Eric Silva), with accrued interest from the date of deposit for the 8.33% (1/12th) interest held in the Subject Property, subject to Araceli Silva's 1/3rd life estate interest in said 1/12th interest.

---

[7] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); Dkt. No. 1-1 at 25 (estimating $19,591 to be just compensation); Dkt. No. 6 (deposit of $19,591 in the Court's registry).

- Araceli Silva, Eloy Silva's surviving spouse [separate real property by virtue of intestate succession], owns a 1/3rd life estate interest in John Anthony Silva's, Eloy Silva, Jr.'s, and Richard Eric Silva's respective 1/12th interest in the property.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendants Lila Silva de la Garza, Idalia Paula Silva Ruiz, Richard A. Cantu, Robert Cantu, Rodolfo Cantu, John Silva, Richie Silva, Eloy Silva Jr., and Araceli Garcia Silva shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Lila Silva de la Garza, Idalia Paula Silva Ruiz, Richard A. Cantu, Robert Cantu, Rodolfo Cantu, John Silva, Richie Silva, Eloy Silva Jr., and Araceli Garcia Silva. This final judgment resolves all issues in this case. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of November, 2021.

_____
Micaela Alvarez
United States District Judge

